**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **SUDO PROPERTIES, INC.** | **CIVIL ACTION** |
| **AND HOUMA SPORTS** | |
| **ENTERTAINMENT, LLC** | |
| | |
| **VERSUS** | **NO. 04-2559** |
| | |
| **TERREBONNE PARISH** | **SECTION "C" (1)** |
| **CONSOLIDATED GOVERNMENT** | |

## ORDER AND REASONS

Before the Court is a Motion in Limine to Prohibit Argument and Exclude Evidence Regarding Lost Profits (Rec. Doc. 198), filed by the defendant, Terrebone Parish Consolidated Government ("TPCG").  Having considered the motion, the memoranda and arguments of counsel, applicable law and the record, the TPCG's Motion in Limine is granted.

## I. BACKGROUND

As previously described by the Court, Linda McCarthy ("McCarthy")[1] approached Plaintiff, Sudo Properties Inc. ("Sudo"), with a proposal to invest in an arena football team called the Bayou Bucks in November 2001.  Sudo accepted the proposal along with two other investors, the Houma Terrebonne Civic Center Development Corporation ("HTCC") and the President of the National Indoor Football League, Carolyn Schiver ("Schiver").  Each investor purchased a

---

[1] Director of the Houma Terrebonne Civic Center

one-third share of the newly created Houma Sports Entertainment, LLC ("HSE"), the parent

company of the Bayou Bucks.

In 2002, HTCC sold its share of HSE to Sudo and later that year Schiver forfeited her

share of HSE when she failed to make required capital contributions.  Thus, by mid-2002, Sudo

had become the sole owner of the Bayou Bucks.  After managing the team's finances for one

year, Sudo realized that the team was losing hundreds of thousands of dollars.  The losses were

not reflected in the projections and statements made by McCarthy during the initial investment

and during the subsequent buyout of HTCC's share in HSE, all of which asserted a profit.

Subsequently, Sudo submitted a public records request for tapes of HTCC's meetings, and after

reviewing these tapes, concluded that Terrebonne Parish Consolidated Government ("TPCG")

perpetrated fraud with respect to the transactions described above.

In its Motion in Limine, TPCG asserts that Sudo should not be allowed to recover lost

profit or benefit-of-the-bargain damages under state law.  First, TPCG avers that the Louisiana

Blue Sky Laws do not permit benefit-of-the-bargain recovery.  In addition, TPCG relies on *In re*

*Watermeier v. Mansueto*, 562 So.2d 920, 923-24 (La.App. 5 Cir. 1990) to argue that, even in a

tort case for fraudulent misrepresentation, a plaintiff must prove a loss with reasonable certainty

to recover lost profits.

In opposition, Sudo relies on *Shreveport Laundries v. Red Iron Drilling Co.*, 192 So. 895

(La.App. 2 Cir. 1939) to argue that Louisiana courts are more liberal in allowing a loss of profits

damage assessment in tort cases than breach of contract cases.  Sudo concurs with TGCG that

the loss of profits must be proven with reasonable certainty pursuant to *Wasco, Inc. v. Economic*

*Development Unit, Inc.*, 461 So.2d 1055 (La.App. 4 Cir. 1984); yet, Sudo also argues that false

statements, if made knowingly or recklessly, may be actionable under *Willis v. TRC Companies, Inc*., 2008 WL 2663442 (W.D.La. 2008).

## II. LAW & ANALYSIS

"To recover for lost profits, even in tort, a plaintiff must prove the loss with reasonable certainty." *Watermeier*, 562 So.2d at 924; *see also Wasco, Inc.,* 461 So.2d at 1056-57 (stating "the loss of profits is recoverable as an element of damages, if they are proven with reasonable certainty"). Furthermore, a "mere estimate of [plaintiff's] loss will not support a claim for lost profits." *Watermeier*, 562 So.2d at 924; *see also Wasco, Inc.,* 461 So.2d at 1056-57 (stating "a claim for loss of profits will not be supported by mere estimates of loss").

In *Wasco, Inc*., the Louisiana Fourth Circuit held that lost profits were not recoverable under state law in a breach of contract case when the evidence of the lost profit consisted solely of plaintiff's uncorroborated testimony regarding profit. *Wasco, Inc.,* 461 So.2d at 1058. Additionally, in *Watermeier*, the Louisiana Fifth Circuit determined that lost profits were not available to plaintiffs suing for misrepresentation when the profit estimates of a business did not match the profit they realized after purchasing and operating the business. *Watermeier*, 562 So.2d at 923-24.

The Court finds that Sudo is not entitled to claim lost profits as a measure of damages under state law in this case because Sudo's claim is based on estimates and projected profits. Sudo's assertion that McCarthy's profit projections can be measured with reasonable certainty is unconvincing because McCarthy's profit projections are similar to the erroneous profit estimates in *Watermeier*. Indeed, Mr. And Mrs. Watermeier purchased a failing business based on unverified profit estimates, just as Sudo purchased an interest in HSE based on McCarthy's

erroneous profit estimates.

Finally, the Court notes that Sudo's reliance on *Willis v. TRC Companies, Inc*., 2008 WL 2663442 (W.D.La. 2008) is misplaced.  In *Willis*, the defendants falsely promised to provide "sufficient resources" to help the plaintiff successfully operate a business.  *Willis*, 2008 WL 2663442, at *2-3.  However, the *Willis* court never discussed lost profits, or any other measure of damages to compensate plaintiffs.  Thus, *Willis* is not relevant to TPCG's motion to exclude evidence of lost profits.  Accordingly, TPCG's motion in limine must be granted.

## III. CONCLUSION

IT IS ORDERED that Terrebone Parish Consolidated Government's Motion in Limine is GRANTED.  (Rec. Doc. 198).


New Orleans, Louisiana, this 6th day of August, 2008.


_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE